IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
11/03/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

JUAN CARLOS GONZALEZ SALDANA,

Petitioner,

v.

JACOB WELSH, Warden,
Chase County Detention Center;
SAMUEL OLSON, ICE Field Office Director;
MARKWAYNE MULLIN, Secretary, DHS;
DAVID VENTURELLA, Acting Director, ICE; and
TODD BLANCHE, Attorney General,

Respondents.

Case No. 26-3372-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the petition is **denied**.

Petitioner alleges that on July 29, 2026, he was taken into custody by immigration officials and that he is presently in custody within this judicial district. Petitioner filed this case on September 30, 2026; respondents have filed an answer, but petitioner has not filed a traverse or reply brief by the Court-ordered deadline of October 27, 2026.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and

constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

In his only claim, petitioner challenges his detention without a bond hearing, arguing that he should not be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), but should instead be deemed detained under 8 U.S.C. § 1226(a), which allows for discretionary release on bond. In answer to the petition, respondents represent that petitioner is presently detained pursuant to 8 U.S.C. § 1226(a); and that representation is supported by evidence that on July 25, 2026, officials served on petitioner a notice of a custody determination pursuant to Section 1226. Thus, at the time petitioner filed this action, a bond hearing was available to petitioner upon request to the immigration court. Moreover, petitioner did request such a hearing, but at an immigration court hearing on August 21, 2026, petitioner withdrew his request for release on bond. Accordingly, because petitioner has not shown that his detention violated the law, the Court denies this claim.[1]

---

[1] In their response, dated October 13, 2026, respondents note that the immigration court also ordered petitioner's removal on August 21, 2026, and that order indicates that petitioner reserved appeal; but inexplicably, respondents have not stated whether petitioner in fact filed such an appeal by the September 21, 2026 deadline. If petitioner did not appeal and his removal order became final, then petitioner would be subject to mandatory detention under 8 U.S.C. § 1231 (although respondents' statement that he is presently detained under Section 1226 suggests that he did appeal). At any rate, petitioner has not filed a traverse, and thus he has not argued any basis for relief other than his claim based on the mistaken premise that he was detained under Section 1225.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 3rd day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge